### FRANKLIN T. ROSE *vs.* ALEXANDER S. PORTER.

Suffolk.  Nov. 20, 1885. — March 2, 1886.  DEVENS & GARDNER, JJ., absent.

A testator, by his will, gave to his two younger sons all his estate, real or personal, in fee simple.  The will then proceeded as follows : " In making this disposition of my property, I assume that my eldest son will understand and appreciate my reasons for giving whatever property I may have at my decease to his younger brothers ; and that they on their part will not fail to do for him and his family all that in the circumstances the truest fraternal regard may require them to do."  *Held*, that the will did not create a trust for the benefit of the testator's eldest son and his family ; and that the devisees took an estate in fee simple.

CONTRACT to recover $500, money had and received by the defendant to the plaintiff's use.  The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows :

The plaintiff agreed to purchase of the defendant, who was a real estate broker, certain premises, No. 3 Boylston Place in Boston, for $10,000, in cash, and paid $500 in part payment thereof.  The usual agreement in writing was signed by the plaintiff, in which he agreed to take the estate and pay the money therefor within ten days.  This agreement contained the following: " Conveyance to be made by a good and sufficient deed, giving a clear title free of all incumbrances, on or before " a certain date.  " Title to be satisfactory or the sale void."

Upon examination of the title, it appeared that Selah B. Treat, late of Boston, deceased, held the estate in fee simple at the time of his death, in April, 1877.  He left a will, which was duly

admitted to probate on May 21, 1877, and which contained the following clause: "After the payment of my just debts and funeral expenses, I give, bequeath, and devise to my two younger sons, Alfred O. Treat and Charles R. Treat, all my estate, whether real or personal, to have and to hold to them and their heirs forever. In making this disposition of my property, I assume, first, that if my dear wife shall survive me (which does not seem probable) my said sons will take pleasure in providing for all her wants; second, that my eldest son, John B. Treat, will understand and appreciate my reasons for giving whatever property I may have at my decease to his younger brothers; and, third, that they on their part will not fail to do for him and his family all that in the circumstances the truest fraternal regard may require them to do." Subsequently to the death of Selah B. Treat, Alfred O. Treat died, leaving by will all his property to Charles R. Treat; and, at the date of the agreement between the plaintiff and the defendant, his estate had been duly settled under his will. Under the agreement, the defendant offered the plaintiff a warranty deed in the usual form, signed by said Charles R. Treat, with release of dower by his wife. The plaintiff refused to accept such deed, or any deed that could be signed by said Charles R. Treat, solely on the ground that the above clause of the will of Selah B. Treat created a trust in some form sufficient to be an incumbrance upon the estate, so that, by said deed, the plaintiff could not receive a clear title, and that the title was not satisfactory. If said clause created no incumbrance on the estate, judgment was to be entered for the defendant, with costs; if it was an incumbrance, judgment to be entered for the plaintiff for $500, with costs.

*L. H. Bateman*, for the plaintiff.

*L. M. Child*, for the defendant.

After the argument, the counsel addressed a communication to the court, stating that it was agreed that the widow of the testator was not living at the time of the contract of sale, and that she died in 1881.

FIELD, J. We think that, by the terms of the will, the oldest son was not to take an interest in the property, and that it was left to the discretion of the two younger sons to do for him and his family whatever in their judgment "fraternal regard" might

require. The testator has not made it imperative that the two younger sons shall do anything for their older brother or his family, and has not defined what they shall do, if they choose to do anything; and there is clearly no trust for him or his family.

It is conceded that the wife of the testator deceased before the parties entered into the agreement, and it is unnecessary to determine whether, by the will, a trust was created for her during her life.                                *Judgment affirmed.*